UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL LEE WATSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:05-CV-1392-SNL |
| ) | |
| CITY OF ARNOLD, JEFFERSON ) | |
| COUNTY, MISSOURI, ) | |
| ) | |
| Respondent. ) | |

### ORDER AND MEMORANDUM

This matter is before the Court upon the application of Michael Lee Watson for leave to commence this action without payment of the required filing fee. Upon consideration of the financial information provided with the application, the Court will grant applicant leave to file this action pursuant to 28 U.S.C. § 1915(a).

### The Petition

Petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He states that he was convicted in the City of Arnold Municipal Court, in June, 2005, for failure to register a motor vehicle and no proof of insurance. He states that the 23rd Judicial Circuit Court and the Missouri Court of Appeals denied his applications to appeal in forma pauperis. Plaintiff seeks injunctive relief, specifically that the Court require defendant City of Arnold to show under what right petitioner should be locked up prior to a trial.

### Discussion

Both 28 U.S.C. § 2243 and Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provide that a district court may summarily dismiss a petition for a writ of habeas corpus if it plainly appears that the petitioner is not entitled to relief.

A review of the instant petition indicates that it is subject to summary dismissal because petitioner is not "in custody" for the purpose of seeking habeas relief under 28 U.S.C. § 2254. Although petitioner uses the phrase "locked up," he indicates that he was given no term of imprisonment but was assessed a $194.00 fine.

28 U.S.C. § 2254 gives federal courts jurisdiction to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court" if that custody allegedly violates "the Constitution or laws or treaties of the United States." *County Court of Ulster County, N. Y. v. Allen*, 442 U.S. 140, 149, 99 S.Ct. 2213, 2220 (1979) (quoting 28 U.S.C. § 2254(a)). Thus, in order to bring an action under the federal habeas corpus statute, the petitioner must be "in custody," which, at a minimum, requires restraint on personal liberty, *Jones v. Cunningham*, 371 U.S. 236, 239, 83 S.Ct. 373, 375 (1963), pursuant to the conviction or sentence being challenged. 28 U.S.C. § 2254.

Petitioner is not in custody pursuant to his conviction for failure to register a motor vehicle and no proof of insurance. Because being in custody is a condition precedent to seeking relief under § 2254, the Court lacks jurisdiction to entertain the instant petition.

Therefore,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed in forma pauperis [Doc. #1] be **GRANTED**.

**IT IS FURTHER ORDERED** that no order to show cause shall issue as to the respondent.

**IT IS FURTHER ORDERED** that petitioner's application for a writ of habeas corpus be **DENIED**.

**IT IS FURTHER ORDERED** that petitioner's motion for hearing [Doc. 3] be **DENIED** as moot.

An appropriate order shall accompany this memorandum and order.

Dated this 1st day of September, 2005.

_____
**SENIOR UNITED STATES DISTRICT JUDGE**